UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW J. PHILLIPS-ADDIS,

        Petitioner,               Case No. 1:20-cv-443

v.                                        Honorable Janet T. Neff

GRETCHEN WHITMER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner does not raise a cognizable claim for habeas corpus relief.

**Discussion**

**I.      Factual allegations**

Petitioner Andrew J. Phillips-Addis is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Petitioner states that he is seeking relief pursuant to 28 U.S.C. § 2254. However, Petitioner does not appear to be challenging the fact or duration of his state court conviction in this case. Instead, Petitioner is complaining that he and other prisoners at ECF are being forced to submit to testing for COVID-19. Although Petitioner's assertions are muddled and rambling, it appears that he is seeking injunctive or declaratory relief.

**II.     Conditions of confinement claim**

As noted above, Petitioner filed his application for habeas relief under 28 U.S.C. § 2254. Section 2254 authorizes district courts to issue a writ of habeas corpus to a state prisoner who is in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). 28 U.S.C. § 2241(c)(3). Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

In this case, Petitioner's sole complaint appears to be that prisoners, such as himself, are being tested for COVID-19 without their consent. Petitioner asserts that Governor

Whitmer lacks the authority to order such testing. This claim does not implicate the fact or duration of his confinement. Rather, his claim challenges a condition of his confinement.

Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz,* 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). An inmate like Petitioner may, however, bring claims challenging the conditions of his confinement under 42 U.S.C. § 1983.

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin,* 391 F.3d at 714 (quoting *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). Where, as here, claims about conditions of confinement are not cognizable in an action under § 2254, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin,* 391 F.3d at 714. Accordingly, the Court will dismiss Petitioner's claims without prejudice to his ability to pursue them in a civil rights action.

3

## **Conclusion**

The Court will enter a judgment dismissing the petition. Should Petitioner wish to pursue the claims asserted in his petition, he should submit them in the form of a civil action filed under 42 U.S.C. § 1983.

Dated:  June 2, 2020  /s/ Janet T. Neff
  Janet T. Neff
  United States District Judge